**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ROBERT A. WILLIAMS**                                          **PETITIONER**
**ADC No. 127786**

**VS.**                              **Case No. 5:12CV00305-JLH-BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge J. Leon Holmes.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capital Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>

A Columbia County jury convicted Petitioner Robert Williams of aggravated robbery and first-degree battery on July 28, 2006. *Williams v. State*, 2007 WL 282613, *1 (Ark. App. Oct. 3, 2007). He was sentenced to an aggregate term of 140 years' imprisonment. (Docket entry #2 at p. 1) On appeal to the Arkansas Court of Appeals, Mr. Williams challenged the sufficiency of the evidence to support his aggravated-robbery conviction. *Id.* In an opinion issued on October 3, 2007, the Arkansas Court of Appeals affirmed his conviction. *Id.*

Mr. Williams then filed a *pro se* petition for review of the Arkansas Court of Appeals' decision in the Arkansas Supreme Court. On December 6, 2007, the Arkansas Supreme Court dismissed the petition. *Williams v. State*, 2007 WL 4261180, *1 (Ark. App. Dec. 6, 2007).

Mr. Williams then timely filed a petition for post-conviction relief in the Columbia County Circuit Court on January 31, 2008. (#9-5) See Rule 37, Arkansas Rules of Criminal Procedure. In that petition, he raised two claims that his trial lawyer was ineffective, along with other Constitutional and due process claims. (#9-5 at pp. 3-6)

The Columbia County Circuit Court entered an order denying Mr. Williams's petition for Rule 37 relief on March 28, 2008.  (#9-6)

On appeal to the Arkansas Supreme Court, Mr. Williams raised two points: (1) the evidence at trial was not sufficient to establish the necessary intent for aggravated robbery; and (2) first-degree battery is a lesser-included offense of aggravated robbery and, therefore, his conviction on both charges violated the prohibition against double jeopardy. *Williams v. State*, 2009 Ark. 247, 2009 WL 1165615, *1 (Ark. April 30, 2009). On April 30, 2009, the Arkansas Supreme Court concluded that Mr. Williams's first claim was unpreserved for appellate review and that his second claim was meritless; the Court affirmed the trial court's denial of Rule 37 relief.  *Id.*

On August 9, 2012, Mr. Williams filed this federal petition for writ of habeas corpus.  (#9 at p. 3)  In his petition, he raises four grounds for relief: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) violation of his Fifth Amendment privilege against self-incrimination; and (4) improper notice as to his July 28, 2006 jury trial.  (#2 at pp. 5-10)  All of the claims raised by Mr. Williams relate to a plea offer made by the deputy prosecutor eight months prior to his jury trial.  (#2)

Respondent Ray Hobbs has moved to dismiss Mr. Williams's federal habeas corpus petition because the entire petition is time-barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  (#9 at p. 4)  For the reasons explained below, the Court

recommends that  Mr. Williams's federal habeas corpus petition be dismissed with prejudice.

## III.   The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  In *Gonzalez v. Thaler*, the Supreme Court held that, for purposes of § 2244(d)(1)(A), a judgment becomes final "when this Court affirms a conviction on direct review or denies a petition for review," or if a petitioner does not seek review, "when the time for seeking a review expires." __ S.Ct. __, 132 S. Ct. 641, 653 (2012).  If the Supreme Court has jurisdiction to review the direct appeal, as it did in this case, the judgment becomes final ninety (90) days after the conclusion of the prisoner's direct appeal in the state system.  *Id*. at 656.

Here, following the denial of Mr. Williams's direct appeal to the Arkansas Court of Appeals on October 3, 2007, he filed a petition for review in the Arkansas Supreme Court.  The Arkansas Supreme Court denied the petition on December 6, 2007. Therefore, the judgment became final on March 6, 2008, and without tolling, Mr.

Williams had one year, until March 6, 2009, to file a petition for federal habeas corpus relief.

Mr. Williams did not file this federal habeas corpus petition until August 9, 2012, over three years after the statute of limitations expired.  Accordingly, Mr. Williams's claims are time barred unless the statute of limitations can be tolled.

    A.    *Statutory Tolling*

Under title 29 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  This provision applies to Mr. Williams's case.

Mr. Williams filed a timely petition for post-conviction relief on January 31, 2008, 57 days after the appellate mandate was issued, but within the time for seeking review by the United States Supreme Court.  Therefore, Mr. Williams's post-conviction relief petition tolled the limitations period, and it remained tolled until the Arkansas Supreme Court affirmed the denial of that petition on April 30, 2009.  (#9 at p. 6)  At that point, Mr. Williams had until April 30, 2010, to file his petition for federal habeas corpus relief. Again, Mr. Williams did not file his federal petition until August 9, 2012.

Mr. Williams argues, at least as to his ineffective-assistance-of-counsel claim, that the one-year filing period should be calculated under 28 U.S.C. § 2244(d)(1)(C), rather than under § 2244(d)(1)(A).  Under title 28 U.S.C. § 2244(d)(1)(C), the statute of

limitations runs, at the latest, from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Mr. Williams argues that under *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Copper*, 132 S. Ct. 1376 (2012), two recent United States Supreme Court cases that addressed the right to effective assistance of counsel during plea negotiations, the Supreme Court recognized a new constitutional right.  (#9 at pp. 6-7)  However, in neither *Frye* nor *Lafler* did the Supreme Court establish a new constitutional right.  In both cases, the Supreme Court explained how the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), in regards to the Sixth Amendment right to effective assistance of counsel, extended to plea negotiations.

In *Williams v. U.S.,* __ F.3d __, 2013 WL 238877, *1 (Jan. 23, 2013), the Court of Appeals for the Eighth Circuit rejected the argument Mr. Williams propounds here, that is, that *Lafler* and *Frye* announced a new rule of constitutional law.

Accordingly, because Mr. Williams did not file his federal habeas corpus petition until more than two years after the limitations period expired, his claims are barred unless he is entitled to equitable tolling.

B.     *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560

(2010).  However, a petitioner is entitled to equitable tolling only if he shows that he has

pursued his rights diligently but that some extraordinary circumstances stood in his way

and prevented a timely filing.  *Id.*  at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408,

418, 125 S.Ct. 1807, 1814 (2005)).

In *Anjulo-Lopez v. U.S.*, the Court reiterated the rule emphasized in *Holland*, that

although equitable tolling does not require "maximum feasible diligence," it does require

"reasonable diligence."  541 F.3d 814, 818 (8th Cir. 2008).  To show diligence, then, the

petitioner must present evidence showing reasonable efforts to timely file his action.

Mr. Williams has not presented any evidence showing reasonable efforts to timely

file his federal habeas corpus petition.  Mr. Williams did file a timely petition for post-

conviction relief after the statute of limitations had begun to run and thus tolled the

limitations period until the Arkansas Supreme Court affirmed the denial of that petition

on April 30, 2009.  But this period of tolling does not save his federal petition because the

petition was still not timely filed.

Also, Mr. Williams has not shown that an extraordinary circumstance prevented

his timely filing of a federal habeas corpus petition.  He argues that the one-year

limitations period set out in 28 U.S.C. § 2254(d) does not bar his federal habeas petition

because of ineffective assistance of counsel.  The law, however, is contrary to Mr.

Williams' position.  "Ineffective assistance of counsel, where it is due to an attorney's

negligence or mistake, has not generally been considered an extraordinary circumstance

in this regard." *U.S. v. Martin*, 408 F.3d 1089 (8th Cir. 2005) (citing *Berry v. Ault*, 312 F. 3d 948, 951 (8th Cir. 2002)).

The Eighth Circuit has recognized that serious attorney misconduct might warrant equitable tolling in a case where the petitioner is claiming gross negligence of counsel retained to file the habeas petition. *Id*. Here, Mr. Williams states that "he was informed by his counsel that there was nothing he could do but accept it." (#2 at p. 13)  He does not specify when this message was relayed to him by his counsel; nor does he explain the context in which this statement was made.  He has not established gross negligence of counsel retained to file this petition.

Moreover, as illustrated in *Shoemate v. Norris*, pro se status; lack of legal knowledge or legal resources; confusion about, or miscalculations of, the limitations period; are all considered inadequate grounds to warrant equitable tolling.  390 F. 3d 595, 598 (8th Cir. 2004).  Accordingly, Mr. Williams is not entitled to equitable tolling.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if Mr. Williams has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253 (c)(1)-(2).  In this case, Mr. Williams has not provided a basis for issuing a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

## V. <u>Conclusion</u>

Mr. Williams's claims for federal habeas corpus relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Robert A. Williams's petition for writ of habeas corpus (#2) be DENIED and that this case be DISMISSED with prejudice.

DATED this 15th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE